UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SAM GALLOWAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.:  3:05-CV-545 |
| ) | (VARLAN/GUYTON) |
| BIG G EXPRESS, INC. and COMMERCE ) | |
| AND INDUSTRY INSURANCE COMPANY, ) | |
| ) | |
| Intervening Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| VOLVO TRUCKS NORTH AMERICA, INC., ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This civil action is before the Court on Defendant Volvo Trucks North America, Inc.'s ("Defendant") Motion to Dismiss [Doc. 28]. Plaintiff Sam Galloway ("Plaintiff") has responded in opposition to Defendant's motion to dismiss and has moved, in the alternative, to amend the complaint [Doc. 31]. Defendant filed a response to Plaintiff's alternative motion to amend [Doc. 36]. Intervening Plaintiffs Big G Express, Inc. and Commerce and Industry Insurance Company (collectively referred to as the "Intervening Plaintiffs") filed a sur reply brief to Defendant's motion to dismiss [Doc. 38]. Thus, the motions are now ripe for determination.

The Court has carefully reviewed the pending motions and responsive pleadings in light of the applicable law. For the reasons set forth herein, Plaintiff's motion to amend the

pleadings will be granted, and Defendant's motion to dismiss will be granted in part and denied in part.

I.  **Relevant Facts**

On March 4, 2004, Plaintiff worked as an operator of tractor/trailers for Intervening Plaintiff, Big G Express, Inc. [Doc. 12 at ¶ 2.] Plaintiff avers that he operated a Volvo tractor/trailer manufactured, sold, and otherwise placed into the stream of commerce of the United States by the Defendant. [Doc. 1-2 at ¶ 6.] On March 4, 2004, Plaintiff was proceeding westbound on Interstate 240 in Oklahoma City, Oklahoma while operating a 2003 Volvo tractor/trailer. [*Id.* at ¶ 1.] Plaintiff alleges that while he attempted to pass another tractor trailer, water splashed up from the other tractor/trailer's tires and struck the windshield of the Volvo tractor/trailer he was operating. [*Id.* at ¶ 2.] Plaintiff claims that the windshield collapsed into the cab of Plaintiff's tractor causing severe personal injuries to the Plaintiff. [*Id*. at ¶ 3.]

As a result of the alleged incident, Plaintiff and Intervening Plaintiffs claim that Defendant is strictly liable under the Tennessee Products Liability Act. [*Id.* at ¶ 7.] There are also claims in the original complaint that Defendant breached the implied warranties of merchantability and fitness for a particular purpose [*Id.* at ¶ 10.]; the proposed amended complaint claims breaches of express warranties and implied warranties of merchantability. [Doc. 33-2 at ¶ 29]. After the alleged incident, Plaintiff made a claim for workers' compensation benefits pursuant to the Workers' Compensation Act for the state of Tennessee. [Doc. 12 at ¶ 3.] The Intervening Plaintiffs, Big G Express, Inc. and Commerce

and Industry Insurance Company, aver that they are entitled to a subrogation lien and/or credit for any payments made to or to be made to the Plaintiff or on his behalf to the extent of his net recovery against the Defendant.

## II. ANALYSIS

Due to the interrelated nature of the Defendant's Motion to Dismiss [Doc. 28] and the Plaintiff's Motion to Amend Pleadings [Doc. 31], the Court will first address Plaintiff's motion and then proceed to address Defendant's motion.

### A. Plaintiff's Motion to Amend Pleadings

Leave to amend under Federal Rule of Civil Procedure 15(a) "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, a court must balance harm to the moving party if he or she is not permitted to amend against prejudice caused to the other party if leave to amend is granted. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Specifically, "a motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay, or prejudice to the opposing party, or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995) (citation omitted); *Marx v. Centran*, 747 F.2d 1536, 1550 (6th Cir. 1984), *cert. denied*, 471 U.S. 1125 (1985)). One instance in which a proposed amendment would be futile and should therefore be denied is when it seeks to add a cause of action that is not legally cognizable. *Jet, Inc. v. Sewage Aeration Sys.*, 165 F.3d 419, 425 (6th Cir. 1999).

The Court has carefully considered Plaintiff's original complaint [Doc. 1-2], the proposed amended complaint [Doc. 33], and the parties' briefs on the matter [Docs. 31, 36].

Leave to amend "shall be freely given when justice so requires," and Defendant has not shown that the proposed amended complaint was made in bad faith, for dilatory purposes, results in undue delay or prejudices the opposing party. Fed. R. Civ. P. 15(a). Because the Defendant's motion to dismiss involves similar issues as the analysis for futility of amending the complaint, the Court will grant Plaintiff's motion to amend the pleadings and consider any futility concerns as part of the analysis for Defendant's motion to dismiss.

**B.     Defendant's Motion to Dismiss**

Because Defendant's response [Doc. 36] asks the Court to deny the amended complaint on the same basis as its motion to dismiss [Doc. 28], the Court will address Defendant's motion to dismiss in the context of the Plaintiff's amended complaint.

1.      Standard of Review

A party may move to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). In determining whether to grant a motion to dismiss, all well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). While a court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990), the court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). The Sixth Circuit has made it clear that despite the liberal system of notice pleading, conclusory allegations are not enough to survive Rule 12(b)(6) dismissal. *See MacDermid v. Discover Fin. Servs,* 488 F.3d 721, 733 (6th Cir. 2007). The issue is not

whether the plaintiff will prevail, but whether the claimant is entitled to offer evidence to support his or her claim. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). Consequently, a complaint will not be dismissed pursuant to Rule 12(b)(6) unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.

    2.    <u>Tennessee Products Liability Claim</u>

For a products liability claim, Tennessee Products Liability Act provides that a "manufacturer or seller of a product shall not be liable for any injury to a person or property caused by the product unless the product is determined to be in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller." Tenn. Code Ann. § 29-28-105(a). "Defective condition" is defined as "a condition of a product that renders it unsafe for normal or anticipatable handling and consumption." *Id.* at § 29-28-102(2). "Unreasonably dangerous" is defined as "dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics, or that the product because of its dangerous condition would not be put on the market by a reasonably prudent manufacturer or seller, assuming that the manufacturer or seller knew of its dangerous condition." *Id.* at § 29-28-102(8).

Defendant contends that Plaintiff's Tennessee products liability claim should be dismissed because it makes the bare allegation that the Defendant is liable because the windshield broke. Defendant also contends that the amended complaint fails to outline a

5

cause of action under the Tennessee Products Liability Act because it misstates the applicable standard.

Defendant's first argument as to the Plaintiff making bare allegations of liability merely because the windshield broke is unsupported by the factual allegations within the amended complaint. The amended complaint contains allegations of windshield breakage because of Defendant's handling and/or installation process. [Doc. 33-2 at ¶ 20.] There are also allegations of "cracks and breakage in [Defendant's] windshields, part number 1619253, [that] could cause structural weakness of the glass which could result in windshield failure." [*Id.* at ¶ 21.] In light of such specific factual allegations, Plaintiff's has presented sufficient factual allegations that are more than bare conclusory allegations.

Defendant's second argument is that the standard of "unreasonably dangerous" described in the amended complaint should result in dismissal of the amended complaint. However, as acknowledged by the Defendant, the Plaintiff states the proper "ordinary consumer" standard in the amended complaint. [Doc. 33-2 at ¶ 16.] Also, concerns about the subjective expectations of the Plaintiff and Intervening Plaintiffs described in the amended complaint can be addressed and rectified, if necessary, by other means prior to trial, such as through the pretrial order or jury instructions. Thus, dismissal of the Plaintiff's products liability claim on such grounds would not be appropriate in light of available and less severe alternatives that can address the risk of jury confusion.

3.      Breach of Express Warranty Claim

Defendant contends that Plaintiff's amended complaint fails to allege any actual express warranty made and breached by Defendant. Tennessee statute provides that:

> Express warranties by the seller are created as follows: (a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise. (b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description. (c) Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.

Tenn. Code Ann. § 47-2-313(1).

Upon careful review the Plaintiff's proposed amended complaint, Defendant's contention as to the breach of express warranty must prevail because the Plaintiff has failed to allege facts sufficient to state a claim. The proposed amended complaint fails to include any allegations of express warranties created by the Defendant, as described in Tenn. Code Ann. § 47-2-313(1). Thus, the Court will dismiss Plaintiff's claim of breach of express warranty for failure to allege sufficient facts.

4.      Breach of Implied Warranty of Merchantability Claim

Defendant makes two arguments as to why Plaintiff's breach of implied warranty of merchantability claim should be dismissed. First, Defendant argues that Plaintiff lacks privity for this breach of warranty claims because, as an employee, he has no privity with the

Defendant, the seller.  Second, Defendant contends that Plaintiff has failed to recite the elements of the cause of action to overcome the motion to dismiss.

In support of its first argument, Defendant relies on *Hargrove v. Newsome*, 470 S.W.2d 348 (Tenn. 1971). It contends that *Hargrove* "made clear that the employee of the purchaser of a product cannot assert a claim for breach of warranty because there is no privity between the employee and the seller." [Doc. 36 at 4.]  However, more recent statute and case law indicate otherwise.  Tennessee statute expressly provides that "[i]n all causes of action for personal injury . . . brought on account of . . . breach of warranty, including actions brought under the provisions of the Uniform Commercial Code, privity shall not be a requirement to maintain such action." Tenn. Code Ann. § 29-34-104. *See also Turner v. Aldor Co. of Nashville, Inc.*, 827 S.W.2d 318, 323 (Tenn. Ct. App. 1991) ("Privity is no longer required for breach of warranty actions.") Due to the clarity of Tennessee law as to the privity issue in personal injury cases, the Defendant's privity argument is wholly without merit.

Defendant's second argument is that the amended complaint does not outline the basis for any breach of warranty claim against the Defendant.  Defendant states that Plaintiffs failed to even make the "formulaic recitation of the elements of a cause of action" for a breach of the implied warranty of merchantability. [Doc. 36 at 4.]  The Sixth Circuit has previously held that a "complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997).  Thus, the Court

must determine the material elements of a claim for breach of implied warranty of merchantability and determine whether the amended complaint contains the necessary direct or inferential allegations.

According to Tennessee statute, "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." Tenn. Code Ann. § 47-2-314. Merchantable goods must "pass without objection in the trade under the contract description" and "are fit for the ordinary purposes for which such goods are used." *Id*. "A breach of the warranty of merchantability occurs when the defect or defects essentially deprive the owner of beneficial use of the goods." *Taylor v. Mid-Tenn Ford Truck Sales*, No. 01-A-01-9307-CV00310, 1994 WL 700859, at *5 (Tenn. Ct. App. Dec. 16, 1994) (citing *Ford Motor Co. v. Taylor*, 446 S.W.2d 521, 528 (Tenn. Ct. App. 1969)). Furthermore, "a person asserting a claim based on the warranty of merchantability must demonstrate that the goods were not merchantable at the time of sale or delivery." *Taylor*, 1994 WL 700859, at *5 (citing *Jeep Eagle Sales Corp. v. Mack Massey Motors, Inc.*, 814 S.W.2d 167, 178 (Tex. App. 1991)).

Upon reviewing the complaint and construing the facts in a light most favorable to the non-movant, the amended complaint provides sufficient factual allegations to survive a motion to dismiss. The amended complaint alleges that the Defendant is a merchant of "Volvo semi tractors of the type being operated by plaintiff Sam Galloway at the time in question" [Doc. 33-2 at ¶ 10], thus satisfying the requirement of Tenn. Code Ann. § 47-2-314(1) that "the seller is a merchant with respect to goods of that kind." The amended

complaint also contains allegations that the tractor at issue did not fit the ordinary purposes of the good since the windshield collapsed after being splashed with water while being driven on an interstate. [Doc. 33-2 at ¶¶ 8-9.] Additionally, the alleged collapsing windshield deprived Plaintiff of the beneficial use of the tractor due to safety concerns. [*Id.* at ¶¶ 12, 13, 14, 15.] Finally, the amended complaint includes allegations about the windshield not conforming to safety standards, including cracks and breakages in windshields, part number 1619253, during the handling and/or installation process. [*Id.* at ¶¶ 17, 18, 19, 20, 21, 23, 24.] Such allegations suggest that the windshield was defective at the time of sale by the Defendant. Accordingly, the amended complaint sufficiently alleges facts to provide a basis for a claim of breach of the implied warranty of merchantability. Furthermore, in light of these factual allegations, *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1959 (2007), does not change the Court's conclusion since the amended complaint includes "more than labels and conclusions." Thus, the Court will deny Defendant's motion to the extent it seeks dismissal of the breach of implied warranty of merchantability claim.

     5.     <u>Intervening Plaintiffs' Standing</u>

Defendant contends that the Intervening Plaintiffs fail to allege standing to assert any claim against the Defendant under a fair reading of the Plaintiff's amended complaint. Intervening Plaintiffs contend that they have a right of action against the Defendant under the Tennessee Workers' Compensation Act. Tenn. Code Ann. § 50-6-112. Furthermore, the Intervening Plaintiffs contend that they properly filed an Intervening Complaint [Doc. 12], which the Plaintiff's amended complaint does not purport to amend, withdraw, or change.

The Tennessee Workers' Compensation Act provides that a worker whose injury "was caused under circumstances creating a legal liability against some person other than the employer to pay damages, the injured worker . . . shall have the right to take compensation under law, and such injured worker . . . may pursue such injured worker's or their remedy by proper action in a court of competent jurisdiction against such other person." Tenn. Code Ann. § 50-6-112(a). Additionally, "[i]n the event of such recovery against such third person by the worker . . . and the employer's maximum liability for the workers' compensation under this chapter has been fully or partially paid and discharged, the employer shall have a subrogation lien therefor against such recovery, and the employer may intervene in any action to protect and enforce such lien." *Id.* at § 50-6-112(c)(1).

In light of this statute and the Intervening Complaint [Doc. 12], it is unclear how the Intervening Plaintiffs have failed to allege standing to assert any claim. They have standing to assert their subrogation lien pursuant to Tenn. Code Ann. § 50-6-112. The Intervening Complaint includes allegations of the Intervening Plaintiffs' rights to a subrogation lien under Tennessee workers' compensation law. [Doc. 12 at 2.] The Plaintiff's amended complaint further supports the allegations in the Intervening Complaint as it identifies Big G Express, Inc. as Plaintiff's employer. [Doc. 33-2 at ¶ 11.] Thus, the Court finds that the Intervening Plaintiffs have sufficiently alleged standing in this case.

## III. Conclusion

For the reasons set forth herein, Plaintiff Sam Galloway's Motion to Amend [Doc. 31] is hereby **GRANTED**. Defendant Volvo Trucks North America, Inc.'s Motion to Dismiss

[Doc. 28] is **GRANTED** as to the breach of express warranty claim and **DENIED** as to all other claims.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE