UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| SAM GALLOWAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:05-CV-545 |
| | ) | (VARLAN/GUYTON) |
| BIG G EXPRESS, INC. and COMMERCE | ) | |
| AND INDUSTRY INSURANCE COMPANY, | ) | |
| | ) | |
| Intervening Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| VOLVO TRUCKS NORTH AMERICA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This civil action is before the Court on three motions related to Defendant Volvo Trucks North America, Inc.'s ("Defendant") Motion for Partial Summary Judgment as to Plaintiff's Claims Predicated on Breach of Implied Warranty of Fitness for a Particular Purpose and Implied Warranty of Merchantability. [Doc. 104]. Because the motion was submitted after the deadline for filing dispositive motions expired, Defendant's also filed a Motion for Leave to File Defendant's Motion for Partial Summary Judgment as to Plaintiff's Claims Predicated on Breach of Implied Warranty of Fitness for a Particular Purpose and Implied Warranty of Merchantability and Brief in Support Thereof. [Doc. 102.] Plaintiff Sam Galloway ("Galloway") and Intervening Plaintiffs Big G Express, Inc., and Commerce and Industry Insurance Company ("Intervening Plaintiffs") (hereinafter collectively referred

to as "Plaintiffs") initially responded by filing their Motion to Strike Defendant's Motion for Partial Summary Judgment as to Plaintiff's Claims Predicated on Breach of Implied Warranty of Fitness For a Particular Purpose and Implied Warranty of Merchantability. [Doc. 116.] Subsequently, Plaintiff's filed their Response Brief to Defendant's Motion for Partial Summary Judgment as to Plaintiff's Claims Predicated on Breach of Implied Warranty of Fitness for a Particular Purpose and Implied Warranty of Merchantability. [Doc. 132.] Thus, the motions are now ripe for determination.

I.  **Defendant's Motion for Leave to File Motion for Partial Summary Judgment and Plaintiffs' Motion to Strike**

As an initial matter, the Court recognizes that Defendant's motion for partial summary judgment was filed after the deadline for filing dispositive motions, namely less than one hundred twenty (120) days before trial scheduled for February 27, 2008. [*See* Doc. 8.] Furthermore, Plaintiffs' motion to strike sought to strike Defendant's motion as untimely. However, the trial in this matter has since been rescheduled until July 7, 2008, and Plaintiffs have now responded to the merits of Defendant's motion for partial summary judgment. [See Docs. 132, 133.] Accordingly, Defendant's Motion for Leave to File Defendant's Motion for Partial Summary Judgment as to Plaintiff's Claims Predicated on Breach of Implied Warranty of Fitness for a Particular Purpose and Implied Warranty of Merchantability and Brief in Support Thereof [Doc. 102] is hereby **GRANTED**. Plaintiff's Motion to Strike [Doc. 116] is hereby **DENIED**. The Court will now proceed to address Defendant's motion for partial summary judgment and Plaintiffs' response. [Docs. 104, 132.]

## II. Motion for Partial Summary Judgment

### A. Relevant Facts

On March 4, 2004, Galloway was working as an operator of tractor/trailers for Intervening Plaintiff, Big G Express, Inc., and proceeding westbound on Interstate 240 in Oklahoma City, Oklahoma, while operating a 2003 Volvo tractor/trailer. [Doc. 136 at ¶¶ 2, 6.] Plaintiffs allege that while Galloway attempted to pass another tractor trailer, water splashed up from the other tractor/trailer's tires and struck the windshield of the Volvo tractor/trailer he was operating. [*Id.* at ¶ 8.] Plaintiffs claim that the windshield collapsed into the cab of Galloway's tractor causing him severe personal injuries. [*Id.* at ¶ 9.]

Plaintiffs claim that Defendant is strictly liable under the Tennessee Products Liability Act. [*Id.* at ¶ 7.] They also allege that Defendant breached "implied warranties of merchantability by manufacturing, designing, and other placing the subject Volvo tractor in the stream of commerce in an unmerchantable, defective and unreasonably dangerous condition." [*Id.* at ¶ 29.] The subject vehicle's Warranty Registration, signed by "Big G Properties, LLC," states that "NO OTHER WARRANTIES, EXPRESSED OR IMPLIED, INCLUDING MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE, ARE GIVEN BEYOND THOSE SET FORTH THEREIN." [Doc. 104-2 at 1 (emphasis in original).] A "vehicle warranty inquiry" performed by Defendant indicates that the vehicle was covered by a "standard warranty," but the subject vehicle's Warranty Certificate has not been located by Defendant. [Docs. 104-3 at ¶ 4; 104-5 at 3.]

B. <u>Standard of Review</u>

Under Fed. R. Civ. P. 56(c), summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." The moving party bears the burden of establishing that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986). The court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 310 F.3d 937, 942 (6th Cir. 2002). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable jury could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.*

The judge's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* at 249. The judge does not weigh the evidence, judge the credibility of witnesses, nor determine the truth of the matter. *Id.* Thus, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for trial - whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

C. <u>Breach of Warranty of Merchantability and Fitness for a Particular Purpose</u>

In its motion for partial summary judgment, Defendant contends that Plaintiffs' implied warranty claims were waived at the time of delivery of the subject vehicle. In support of its motion, Defendant relies on the disclaimer language in the Warranty Registration provided to Defendant in discovery and in the "Standard Truck Warranty Certificate." [Docs. 104-2, 104-5 at 4-5.] Defendant acknowledges that the Warranty Certificate associated with the Plaintiffs' Warranty Registration has not been located. According to Defendant, the "Standard Truck Warranty Registration" submitted as evidence is the standard warranty certificate in use at time of the delivery of the subject vehicle. [Doc. 104-5 at 2.]

Plaintiffs respond that partial summary judgment is improper as to the implied warranty claims because Defendant bases its argument on a Warranty Certificate not in evidence, and there is no admissible evidence on record as to the content of that original document.

The Federal Rules of Evidence provide that "[t]o prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by Act of Congress." Fed. R. Evid. 1002. For instance, a "duplicate" is admissible to the same extent as an original. Fed. R. Evid. 1003. The Federal Rules of Evidence define "duplicate" as "'copies' produced by methods possessing an accuracy which virtually eliminate the possibility of error." Fed. R. Evid. 1001(4) n.4. Other secondary evidence of the contents of a writing is admissible under

5

certain circumstances, such as the original being lost, destroyed, or not obtainable. Fed. R. Evid. 1004. It is under this rule that Defendant appears to submit the "Standard Truck Warranty Certificate," accompanied by the results of a vehicle warranty inquiry and affidavit of Defendant's counsel indicating that he was "unable to locate in any of the documents a copy of the Warranty Certificate associated with the Warranty Registration above." [Docs. 104-3 at 2; 104-5 at 2.]

In the present case, the Court finds that Defendant has not met its burden for partial summary judgment as to the implied warranty claims. The Warranty Registration provides that "NO OTHER WARRANTIES, EXPRESSED OR IMPLIED, INCLUDING MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE, ARE GIVEN BEYOND THOSE SET FORTH THEREIN." [Doc. 104-2 at 1 (emphasis in original).] However, the Warranty Certificate for the subject vehicle which provides those terms, as Plaintiffs point out, is not currently in evidence. The "Standard Truck Warranty Certificate," accompanying affidavit, and vehicle warranty inquiry may constitute admissible secondary evidence as to the contents of the Warranty Certificate for the subject vehicle. Nevertheless, the Court finds that there remains a genuine issue of material fact as to the contents of the Warranty Certificate of the subject vehicle in this case when viewing the facts and all inferences in the light most favorable to Plaintiffs. Accordingly, the Court will deny Defendant's motion for partial summary judgment.

### III. Conclusion

For the reasons set forth herein, Defendant's Motion for Leave to File Defendant's Motion for Partial Summary Judgment as to Plaintiff's Claims Predicated on Breach of Implied Warranty of Fitness for a Particular Purpose and Implied Warranty of Merchantability and Brief in Support Thereof [Doc. 102] is hereby **GRANTED**. Plaintiff's Motion to Strike [Doc. 116] is hereby **DENIED**. Defendant Volvo Trucks North America, Inc.'s Motion for Partial Summary Judgment as to Plaintiff's Claims Predicated on Breach of Implied Warranty of Fitness for a Particular Purpose and Implied Warranty of Merchantability [Doc. 104] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE