UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| SAM GALLOWAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:05-CV-545 |
| | ) | (VARLAN/GUYTON) |
| BIG G EXPRESS, INC. and COMMERCE | ) | |
| AND INDUSTRY INSURANCE COMPANY, | ) | |
| | ) | |
| Intervening Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| VOLVO TRUCKS NORTH AMERICA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This civil action was before the Court on June 30, 2008, for a final pretrial conference. The Court heard the arguments by counsel on several pending pretrial motions. [Docs. 149, 150, 153, 154, 155, 156, 158, 160.] After orally ruling on a majority of the pending motions, the Court withheld ruling on Defendant Volvo Trucks North America, Inc.'s Motion in Limine [Doc. 149] and the seventh item identified in Defendant Volvo Trucks North America, Inc.'s Omnibus Motion in Limine. [Doc. 150.] After considering the motions in limine, related briefs, counsel's oral arguments, and relevant law, the Court will address the remaining motions in limine in turn.

## I. MOTIONS IN LIMINE

### A. Defendant Volvo Trucks North America, Inc.'s Motion in Limine [Doc.149]

In the motion in limine, Defendant Volvo Trucks North America, Inc. ("Defendant") seeks to bar Plaintiff Sam Galloway ("Plaintiff") from introducing into evidence, making any reference to, or having any witness testify based on or regarding documents obtained from Guardian Industries ("Guardian Documents") related to the windshield at issue. The Guardian Documents consist of 668 pages of documents, including warranty claims, correspondence pertaining to warranty claims, and various purchase agreements, design, and testing documents and communications between Guardian Industries and Defendant.

Defendant makes several arguments as to why the Guardian Documents should be excluded. First, the Guardian Documents are hearsay to which no applicable hearsay exception applies. Second, the Guardian Documents are inadmissible to show causation or notice to Defendant of Plaintiff's claimed defectiveness because the documents do not describe failures or windshield problems that are substantially similar to the incident at issue in this case. Third, the Guardian Documents and their content are irrelevant and inadmissible because there is no evidence of the leaking or cracking conditions described therein that the Plaintiff relies on to show the existence of a defect and causation.

Plaintiff and Intervening Plaintiffs, Big G Express, Inc. and Commerce and Industry Insurance Company, (hereinafter collectively referred to as "Plaintiffs") respond that the warranty documents at issue contain reports of prior windshield failures which are substantially similar to the windshield failure in this case. Plaintiff contends that the reports

are highly probative to the issues of "Defendant's knowledge of the deficiencies in its windshield installation process and of the deficiencies themselves." [Doc. 151 at 2.] Plaintiffs also contend that the reports also are temporally limited to within four years of the accident and relate exclusively to Defendant's tractor windshields similar to the windshield in the present case. Thus, the records satisfy the "substantial similarity" criteria established by the Sixth Circuit. Plaintiffs also contend that the warranty records are not hearsay under Federal Rule of Evidence 801(d)(2), admission by a party-opponent, and are further admissible under Federal Rule of Evidence 803(6), records of regularly conducted activity.

1. <u>Use of Warranty Claims to Establish Defective Condition</u>

According to Defendant, the Guardian Documents consist of warranty claims, correspondence pertaining to warranty claims, and various purchase agreements, design, and testing documents and communications. During the final pretrial conference, Plaintiffs provided the Court with summaries of the warranty claims and an e-mail correspondence dated May 21, 2004, between Volvo employees. After reviewing the documents and relevant law, the Court finds that the warranty claims constitute hearsay, but the e-mail correspondence is not hearsay, when offered for purposes of establishing a defective condition.

Under Rule 801(c), hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). However, admissions by party-opponents do not constitute hearsay. Fed. R. Evid. 801(d)(2). As to the warranty claims, the Court finds that they

constitute hearsay to the extent such evidence is offered to establish a defective condition. The warranty claims are out-of-court statements and offered to prove the truth of such assertions, namely, that the deficiencies identified in the warranty claims actually occurred. In other words, Plaintiffs rely "on the truth of the underlying assertions in the customer complaints" and "regardless of how the evidence is characterized, the customer complaints would be offered for the truth of the matters asserted therein." *Olson v. Ford Motor Co.*, 410 F. Supp. 2d 855, 861 (D.N.D. 2006). Furthermore, Rule 801(d)(2) is not applicable because the statements were made by Defendant's customers, and there is no indication that Defendant manifested an adoption or belief in the truth of such statements. Fed. R. Evid. 801(d)(2).

Additionally, to the extent Plaintiffs rely on the business records exception, the Court notes that the warranty claims involve "hearsay within hearsay" or "an out-of-court statement that is nested within another." *United States v. Payne*, 437 F.3d 540, 547 (6th Cir. 2006). Under Rule 805, "[h]earsay included within hearsay is not excluded under the hearsay rule if each part of the combined statements conforms with an exception to the hearsay rule provided in these rules." Fed. R. Evid. 805. Even though the warranty claim records themselves may satisfy the business records exception, the underlying statements made by customers would still need an independent basis for admissibility. *See also Olson*, 410 F. Supp. 2d at 861 ("[C]ustomer complaints, whether contained in [defendant's] business records or compiled by another party, all constitute hearsay.") Because the customer's

4

statements are not independently admissible, Plaintiffs will be precluded from introducing or making reference to the warranty claims in order to prove a defective condition.

As to the e-mail messages, they are not hearsay because they are statements "by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship." Fed. R. Evid. 801(d)(2). The e-mail messages are from Paul Ewing and Kenneth Moore, both employees of Defendant. Furthermore, a review of the e-mail messages shows that Mr. Ewing and Moore made statements within the scope of and during their employment with Defendant. Thus, the e-mail correspondence will not be excluded on the basis of hearsay.

Notably, the e-mail message by Mr. Moore identifies three "out of the ordinary" cases. The Sixth Circuit has recognized that "prior accidents must be 'substantially similar' to the one at issue before they will be admitted into evidence." *Rye v. Black & Decker Mfg. Co.*, 889 F.2d 100, 103 (6th Cir. 1989). Substantial similarity refers to incidents that "occurred under similar circumstances or share the same cause." *Id.* Plaintiffs have "the burden of proving the substantial similarity between prior accidents and [their] own." *Id.* According to the Sixth Circuit, substantial similarity is required "in large part because all evidence deemed admissible by the district court must meet the minimal standards of relevance articulated in Federal Rules of Evidence 401 and 403." *Surles v. Greyhound Lines, Inc.*, 474 F.3d 288, 297 (6th Cir. 2007). Thus, a "showing of substantial similarity insures that the evidence meets the relevancy requirements of Rules 401 and 403. *Id.* (citation omitted).

5

In light of the substantial similarity requirement, Plaintiffs have not met the burden of establishing substantial similarity as to the incidents identified in the e-mail correspondence. The Court is guided by the Sixth Circuit's decision in *Rye*, where "[n]one of the prior incidents contained sufficient facts for the District Court to find that the circumstances were substantially similar to those in the [plaintiff's] case." *Rye*, 889 F.2d at 102. In other words, the prior incidents did not tell "the mechanism of how the injury occurred." *Id.* Likewise, the e-mail message describes three instances of cracks in windshields but provides little indication of the circumstances under which these windshields cracked or whether the windshields mentioned in the e-mail message shared the same cause as the windshield at issue. Though Plaintiffs claim that all of the windshield incidents share the same cause of defective windshield installation, they have not met their burden of establishing substantial similarity. Accordingly, the Court finds that the incidents described in the e-mail correspondence should be excluded absent a further showing that such instances are substantially similar.

Pending development of evidence at trial, the Court leaves open the issue of whether the remainder of the e-mail correspondence is admissible for purposes of establishing the existence of a defect or, as discussed below, establishing Defendant's knowledge.

### 2. Use of Guardian Documents to Establish Knowledge

Plaintiffs also contend that the Guardian Documents are "highly probative of Defendant's knowledge of the deficiencies in the windshield installation process." [Doc. 151 at 2.] Notably, statements that arguably constitute hearsay may still be offered when offered

"not for the truth of the matter asserted, . . . but to show notice." *Flint ex. rel. Flint v. Kentucky Dep't of Corr.*, 270 F.3d 340, 345 n.6 (6th Cir. 2001). Thus, hearsay concerns do not serve as a basis of precluding the Guardian Documents to the extent such evidence is offered to establish notice or Defendant's knowledge.

Nevertheless, the evidence of prior incidents must still satisfy the substantial similarity test previously discussed. Because the substantial similarity issue was previously discussed in relation to the three incidents identified in the e-mail correspondence, the Court incorporates that analysis into the present discussion. Additionally, the Court leaves open the issue of whether the remainder of the e-mail correspondence is admissible for purposes of establishing notice pending development of the evidence at trial.

As to the issue of whether the warranty claims meet the substantial similarity requirement, Plaintiffs rely on *Surles*, where prior incidents involving passenger interference with a bus driver were found to be substantially similar to an accident resulting from a passenger attacking a bus driver. *Surles*, 474 F.3d at 297. The Sixth Circuit indicated that evidence offered for notice, as in *Surles*, required a lesser degree of similarity as compared to evidence offered for other purposes like actual hazardousness. *Id.* at 297-98. Thus, Plaintiffs contend that the prior warranty claims are admissible in light of the relaxed standard for notice articulated in *Surles*.

Even under the lesser standard discussed in *Surles*, the Court finds that the majority of the warranty claims fail to satisfy the substantial similarity requirement at this time. The warranty claims can be divided into three general categories: (1) stress cracks with no

7

shattering, (2) leaks around windshields, and (3) shattering. As to all of the categories, the Court finds that there are insufficient facts to establish a shared cause with the incident in the present case. Based on the summaries Plaintiffs presented to the Court, the claims provide no indication of the cause of the cracks or leaks. In *Surles*, the prior incidents involved passenger interference with the bus driver with varying accident outcomes, but it was clear that passenger interference was a shared cause. In contrast, the warranty claims summaries provided to the Court do not indicate what caused the cracking or leaks. Though Plaintiffs contend that "all of the windshield failures were caused by Volvo's installation techniques," there are insufficient facts to support this contention based on a review of the warranty claims summaries presented to the Court. The warranty claims describe incidents of windshield cracking and leaking, but they provide no indication of what caused these incidents. Thus, the Plaintiffs have not met the burden of establishing shared cause with the incident in the present case.

As for similar circumstances, the Court finds that only one of the categories satisfies the substantial similarity requirement. As to the first category, mere cracking is not enough because there is no indication that cracking occurred in the windshield at issue. [Doc. 149-5 at 2-3.] As to the second category, the circumstances are arguably more analogous to the allegations in the present case because the incidents involved water. However, the second category claims are fundamentally different in terms of the underlying problem with the windshield. The present case involves the structural integrity of the windshield, which is not at issue with the warranty claims involving leaking of water. As to the third category of

incidents involving some form of windshield shattering, the Court finds them to involve sufficiently similar circumstances. Both the third category warranty claims and the windshield at issue failed to maintain structural integrity in arguably a similar manner, which the Court finds to be sufficient for the substantial similarity requirement. Thus, the warranty claims in the first two categories are not substantially similar and are inadmissible for purposes of notice.

Even though Plaintiffs have made a sufficient showing of substantial similarity as to the third category of warranty claims for purposes of establishing notice, the Court's inquiry must now analyze those warranty claims under Federal Rule of Evidence 403. Under Rule 403, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. The Court finds that introduction of specific details regarding the third category would be a waste of time, would confuse and mislead the jury, and would be prejudicial to Defendant. Thus, the Court will allow Plaintiffs to present the third category warranty claims at trial, but they will be prohibited from introducing the specific details about the claims. The Court will also give the jury a limiting instruction to the effect that such evidence is admissible only for the purpose of establishing Defendant's knowledge or notice and cannot be used as evidence of a defect or for any other purpose. Counsel are directed to prepare and present the Court with proposed instructions addressing this subject.

### 3. Use of Warranty Claims to Show Factual Basis of an Opinion Witness's Opinion

At oral argument, Plaintiff indicated that the opinion testimony of Farhad Booeshaghi ("Dr. Booeshaghi") is based on the Guardian Documents. Under Federal Rule of Evidence 703, opinion witnesses are permitted to rely on materials, otherwise inadmissible ,in forming the bases of their opinions. Fed. R. Evid. 703; *See also Engebretsen v. Fairchild Aircraft Corp.*, 21 F.3d 721, 728-29 (6th Cir. 1994). Thus, the Court finds Dr. Booeshaghi's testimony admissible for purposes of explaining the basis of his opinion and to establish Defendant's knowledge.

However, under Federal Rule of Evidence 403, the Court finds that introduction of specific details of particular warranty claims would be a waste of time, would confuse and mislead the jury, and would be unfairly prejudicial to Defendant. Fed. R. Evid. 403. Thus, Dr. Booeshaghi will be permitted to testify that he has reviewed the Guardian Documents and explain how these documents were of assistance in forming the basis of his opinions. Similar to the limitations discussed above, he will be prohibited from discussing specific details of any of prior specific incidents identified in the Guardian Documents. The Court will give the jury a limiting instruction to the effect that this evidence is admissible for the limited purpose of presenting the factual basis of Dr. Booeshaghi's opinion, and counsel are directed to present the Court with proposed instructions addressing this subject.

Accordingly, Defendant Volvo Trucks North America, Inc.'s Motion in Limine [Doc. 149] will be granted in part and denied in part.

**B. Defendant Volvo Trucks North America, Inc.'s Omnibus Motion in Limine** [Doc. 150]

Defendant seeks to limit Defendants in sixteen (16) identified items described in Defendant's omnibus motion in limine. [Doc. 150.] After considering the parties' filings and oral argument, the Court ruled on all of the omnibus motion in limine except for Item Seven, which is dependent on the Court's ruling regarding Defendant's Motion in Limine [Doc. 149.] Because the Court more fully explained its reasoning of the other fifteen (15) items at the final pretrial conference, the Court will only briefly reiterate its rulings as to those requests. To the extent the Court withheld ruling on Item 7, the Court rules below. Defendant seeks to prohibit Plaintiffs from referencing to the following at trial:

1) References to statements made by (1) the state trooper who assisted Mr. Galloway as to his driving ability or the cause of the accident; (2) any EMT as to how the incident occurred; (3) the tow truck operator, who removed the Plaintiff's truck after the incident, as to the cause of failure of the driving light; or (4) any other out of court statements offered to prove the truth of the matter asserted or bolster the credibility or competence of Mr. Galloway or for any other prohibited purpose. The motion is **GRANTED**.

2) References to Volvo's financial condition, wealth, ability to pay a judgment, size, geographic scope, annual earnings, net worth, or insurance coverage. The motion is **GRANTED**.

3) Reference to Volvo's status as a "foreign" corporation. The motion is **GRANTED**.

4) Reference to or unsubstantiated claims regarding, or referring in argument to, any claimed reputation of trucking manufacturers or corporation in general as being driven to prioritize profit over safety or any similar argument. The motion is **GRANTED**.

5) Reference to, questioning regarding or attempting to illicit reference to irrelevant and/or inadmissible evidence. The motion is **GRANTED**.

6) Reference to or disclosure to the jury in argument or otherwise, the contents of any exhibit which has not been admitted into evidence or which has been expressly excluded from evidence by the Court. The motion is **GRANTED**.

7) Reference to any occurrence of a failure of a windshield similar to the one that the Plaintiff claims occurred; or any reference to Volvo or Guardian, the manufacturers of the windshield at issue, having any notice that a failure of the like that Plaintiff claims occurred might occur under the circumstances the Plaintiff describes.

At the final pretrial conference, the parties acknowledged that the outcome of Defendant's Motion in Limine [Doc. 149] was directly related to Item Seven of Defendant's omnibus motion. The Court withheld ruling pending resolution of the related motion in limine. Accordingly, the seventh item identified in Defendant's Omnibus Motion in Limine [Doc. 150] will be granted in part and denied in part, to the same extent as Defendant's Motion in Limine. [Doc. 149.]

8) Reference to or any argument or insinuation concerning a witness not called by Volvo but equally available to Plaintiffs, including Plaintiff's treating physicians or pharmacy drug providers. The motion is **GRANTED**.

9) Any reference to or disclosure of the fact that parties' instant motions have been presented to or ruled on by this Court. The motion is **GRANTED**.

10) Reference that parties have sought to exclude from evidence any matter bearing on the issues in this case or the rights of the parties to this lawsuit. The motion is **GRANTED**.

11) Reference to, or any request or question to parties' counsel to stipulate to either the admissibility of any evidence or to any facts or matters in front of the jury. The motion is **GRANTED**.

12) Any reference to whether or not parties' counsel has declined to stipulate to any facts or have declined to agree to anything at all. The motion is **GRANTED**.

13) Any reference or questions to jurors during voir dire in an attempt to commit jurors to the weight they would give certain evidence. This includes, but is not limited to any attempt to illicit "take a man by his word" commitments from jury members, endear the plaintiff to the jury; or otherwise attempt to bolster Plaintiff's credibility. The motion is **DENIED**.

14) Any request by parties' counsel that counsel for the opposing party produce documents of any type, stipulate to any facts, or make any sort of agreement. The motion is **GRANTED**.

15) Any reference to discovery disputes between parties and any documents or items subject to any discovery dispute between parties. The motion is **GRANTED**.

16) Prohibiting the testimony of any witness not identified through discovery by a party as a potential witness or person with knowledge of the facts of this case from testifying at trial.  The motion is **GRANTED**.

## II.     CONCLUSION

Accordingly, Defendant Volvo Trucks North America, Inc.'s Motion in Limine [Doc. 149] and Defendant Volvo Truck North America, Inc.'s Omnibus Motion in Limine [Doc. 150] are hereby **GRANTED** in part and **DENIED** in part.

IT IS SO ORDERED.

        s/ Thomas A. Varlan
        UNITED STATES DISTRICT JUDGE