IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| SAM GALLOWAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| BIG G EXPRESS, INC. and COMMERCE | ) | |
| AND INDUSTRY INSURANCE | ) | |
| COMPANY, | ) | No. 3:05-CV-545 |
| | ) | (VARLAN/GUYTON) |
| Intervening Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| VOLVO TRUCKS NORTH AMERICA | ) | |
| INC., | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This civil action is before the Court pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [Doc. 189] of the Honorable Thomas A. Varlan, United States District Judge, for a report and recommendation on the plaintiff's Motion for Distribution of Judgment. [Doc. 185] On December 16, 2008, the parties appeared before the Court for a hearing on the instant motion. After the hearing, the Court took the matter under advisement and it is now ripe for adjudication. For the reasons set forth below, the undersigned **RECOMMENDS** that the $250,000.00 jury award be allocated as follows: $31,084.82 for attorney May's litigation costs; $30,994.66 for the costs of Leitner Williams; $1,358.02 for the costs of attorney Newcomb; $41,666.67 for the attorney's fee of attorney Newcomb; $25,000.00 for the attorney's fee of attorney May; $16,666.66 for the attorneys' fee of Leitner Williams; and the remaining $103,229.17 to offset the intervening plaintiffs' subrogation interest.

**I.      Procedural History**

On March 4, 2004, plaintiff Sam Galloway ("Mr. Galloway"), an employee of intervening plaintiff Big G Express, Inc. ("Big G"), was injured in the course of his employment when the windshield of the tractor trailer he was driving collapsed. [Doc. 1-2 at ¶ 2]  The tractor trailer in question was manufactured by defendant Volvo Trucks North America, Inc. ("Volvo"). [Doc. 1-2 at ¶ 1]  On February 16, 2005, Mr. Galloway filed suit in the Circuit Court for Sevier County, Tennessee, alleging various product liability claims against Volvo. [Id. at ¶¶ 7-10]  Subsequently, Big G and Commerce and Industry Insurance Company ("Commerce") intervened, alleging a subrogation interest in any recovery made by the plaintiff based on worker's compensation benefits paid to Mr. Galloway. [Doc. 1-3]  On November 25, 2005, the defendants removed the matter to this Court. [Doc. 1]

Initially, Mr. Galloway was represented by attorney Richard C. May, but on February 12, 2008, attorney May moved to withdraw from the case, citing a breakdown in communications with Mr. Galloway. [Doc. 119]  On February 14, 2008, attorney May's motion to withdraw was granted, relieving Mr. May of any further responsibilities in the action. [Doc. 122]  On March 14, 2008, attorney Ronald C. Newcomb entered an appearance on behalf of Mr. Galloway, and served as Mr. Galloway's attorney of record throughout the remainder of the action. [Doc. 125]  On March 19, 2008, attorney May filed a Notice of Attorney's Lien, asserting a lien of $31,084.82 as to costs incurred during attorney May's representation of Mr. Galloway. [Doc. 129]

On July 7, 2008, a three day jury trial commenced, resulting in a jury verdict in favor of the plaintiff in the amount of $250,000.00. [Docs. 177, 179]  The instant motion followed, asking the Court to determine the proper allocation of attorneys' fees in this matter between plaintiff's initial

counsel, attorney May, current counsel, attorney Newcomb, and counsel for the intervening plaintiffs, three attorneys of the firm Leitner, Williams, Dooley & Napolitan, PLLC ("Leitner Williams"). [Doc. 185]

## II. Jurisprudence Governing Fee Allocation

As this matter involves an employer's subrogation interest on worker's compensation benefits, Tennessee's worker's compensation law governs the dispute at issue. Specifically, Tennessee law provides that:

> In the event of a recovery from the other person by the worker, or those to whom the worker's right of action survives, by judgment, settlement or otherwise, the attorney representing the injured worker, or those to whom the injured worker's right of action survives, and effecting the recovery, shall be entitled to a reasonable fee for the attorney's services, and the attorney shall have a first lien for the fees against the recovery; provided, that if the employer has engaged other counsel to represent the employer in effecting recovery against the other person, then a court of competent jurisdiction shall, upon application, apportion the reasonable fee between the attorney for the worker and the attorney for the employer, in proportion to the services rendered.

Tenn. Code. Ann § 50-6-112(b). The Tennessee Supreme Court, in addressing the allocation of attorney's fees in such a case, held as follows:

> Since both the employer and the employee have the right to recover against a third party tortfeasor, each has the right to be represented by its own counsel on such terms as the party and its lawyer shall agree. The employer may engage the employee's lawyer to represent its interest also, on such terms as they, with the consent of the employee, shall agree. Even if the employer is not represented by separate counsel, the employee's lawyer is obligated to protect the employer's interest. In that event, the employee's lawyer shall be entitled to reasonable compensation for services rendered to the employee and the employer. The lawyer shall be compensated according to the terms of the employment contract between the lawyer and the employee, provided the trial court shall find that fee agreement to be reasonable. A contingent fee agreement between the employee and

3

> his lawyer will apply to the entire recovery, and the attorney's fee will reduce the employer's portion of the recovery by a pro rata amount. The lawyers who prosecute the tort action are entitled to receive a reasonable fee based on services rendered. Any dispute regarding the amount and apportionment of attorney fees shall be resolved by the trial court.
>
> Prior decisions inconsistent with this decision are overruled.

Summers v. Command Systems, Inc., 867 S.W.2d 312, 315-16 (Tenn. 1993).

More recently, the Tennessee Court of Appeals held, in a situation such as this, where there is a dispute as to how attorney's fees stemming form a worker's compensation subrogation interest should be apportioned, that "the role of the Court is to apportion the fee produced in accordance with the efforts expended by counsel in producing the funds generating the fee." Sircy v. Wilson, No. M2007-01589-COA-R3-CV, 2008 Tenn. App. LEXIS 668 at *11 (Tenn. Court App. Nov. 5, 2008). Thus, under Tennessee law, the Court must look to the work performed by the relevant individuals which resulted in the award at issue and allocate the contingent attorney's fee based upon the percentage of fee-producing work performed. The award at issue is the $250,000.00 jury award on the product liability claim against Volvo. Thus, the Court looks to the work performed by counsel for the plaintiff (both attorney May and attorney Newcomb) and counsel for the intervening plaintiff to determine how to allocate the attorneys' fee generated by the jury award.

### III. Allocation of the Fee

The jury awarded plaintiff $250,000.00. During the hearing, the parties agreed that the attorneys' fee at issue is equal to one third of the jury award, resulting in a fee to be allocated of $83,333.33. The parties also agreed that attorney May incurred $31,084.82 in costs, attorney Newcomb incurred $1,358.02 in costs, and the attorneys of Leitner Williams incurred $30,994.66 in costs, for a total of $63,437.50 in costs.

4

Having reviewed the records provided, and having considered the filings in this matter, as well as the arguments of counsel, the Court finds that the efforts of attorney Newcomb account for fifty percent of the total effort in securing the jury award at issue. Specifically, the Court finds attorney Newcomb's role in the trial of this matter, coupled with his efforts in preparing for trial on relatively short notice, to have been significant factors in the plaintiff's success, and that an award of fifty percent of the attorneys' fee at issue will fairly and reasonably reimburse attorney Newcomb for his efforts on the plaintiff's behalf, while at the same time allowing the other attorneys who contributed to the plaintiff's success to receive fair and reasonable compensation.

Similarly, the Court finds that the efforts of attorney May account for thirty percent of the total effort in securing the jury award at issue. Specifically, the Court finds attorney May's role during the extended pretrial phase of the litigation, including the taking of depositions and other trial preparations, did play a significant role in the plaintiff's eventual success at trial, and that a thirty percent award of the attorneys' fee at issue will fairly and reasonably reimburse attorney May for his efforts on the plaintiff's behalf, while at the same time allowing the other attorneys who contributed to the plaintiff's success to receive fair and reasonable compensation.

Finally, the Court finds that the efforts of the attorneys of Leitner Williams account for twenty percent of the total efforts in securing the jury award at issue. Specifically, the Court finds the Leitner Williams attorneys' roles in the taking of depositions, the gathering of evidence, assistance in responding to discovery requests and the various pretrial motions in this case, and, to a lesser extent, their appearance at trial, did contribute to the plaintiff's success at trial, and that a twenty percent award of the attorneys' fee at issue will fairly and reasonably reimburse the Leitner Williams attorneys for their efforts on the plaintiff's behalf, while at the same time allowing the

other attorneys who contributed to the plaintiff's success to receive fair and reasonable compensation.

During the hearing, attorney Newcomb argued that the Court should consider the fact that attorney Newcomb would be reimbursing some amount of his portion of the attorneys' fee to the plaintiff. However, as the Sircy court held, the fact that counsel intends to share the fee with the plaintiff is irrelevant. Sircy, 2008 Tenn. App. LEXIS 668 at *11-12 ("the fact that [plaintiff's] counsel informed the court that he intended to share some of the recovery with [plaintiff] is irrelevant. Again, the role of the court is to apportion the fee produced in accordance with the efforts expended by counsel in producing the funds generating the fee; consideration of the ultimate disposition of the fee is not a responsibility of the court in applying the statute.") If attorney Newcomb wishes to share his portion of the attorneys' fee with the plaintiff, that is certainly his right, but that fact cannot play a role in the Court's allocation of the fee.

Similarly, the plaintiff's arguments that the Court should personally award the plaintiff some portion of the judgment, at the expense of the intervening plaintiffs' subrogation interest, are contrary to Tennessee law. In situations such as this, Tennessee worker's compensation law clearly establishes that the employer's worker's compensation subrogation interest must be satisfied before the plaintiff can recover, and that the equitable "made whole" doctrine does not apply to worker's compensation subrogation interests. Graves v. Cocke County, 24 S.W.3d 285, 289 (Tenn. 2000) ("The statute [Tenn. Code Ann. § 50-6-112(c)] creating the subrogation claim does not by its terms condition the claim upon the employee obtaining a full recovery of damages sustained. The subrogation lien attaches to 'the net recovery collected' and secures the amount 'paid' by the employer or the amount of the employer's 'future liability, as it accrues.' It appears that, under the

6

statute, the subrogation lien attaches to any recovery from the tort-feasor 'by judgment, settlement or otherwise.' Consequently, even if under equitable principles of subrogation the employer was not entitled to assert the subrogation lien, the statute specifically creates that right. . . . [T]he made whole doctrine does not apply to workers' compensation cases.").

**IV.     Conclusion**

For the foregoing reasons, it is **RECOMMENDED**[1] that the plaintiff's motion for the distribution of judgment [Doc. 185] be **GRANTED** to the extent that the $250,000.00 jury award be allocated as follows: $31,084.82 for attorney May's litigation costs; $30,994.66 for the costs of Leitner Williams; $1,358.02 for the costs of attorney Newcomb; $41,666.67 for the attorney's fee of attorney Newcomb; $25,000.00 for the attorney's fee of attorney May; $16,666.66 for the attorneys' fee of Leitner Williams; and the remaining $103,229.17 to offset the intervening plaintiffs' subrogation interest.

> Respectfully submitted,
>
>     s/ H. Bruce Guyton
> United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the ten-day time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).